IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRICK TERRELL NOONER,                                                                PLAINTIFF

    and

DON WILLIAMS DAVIS                                                         INTERVENOR PLAINTIFF

    and

JACK HAROLD, JONES, JR.                                                   INTERVENOR PLAINTIFF


                    No. 5:06CV00110 SWW
VS.

LARRY NORRIS, Director,
Arkansas Department of Correction;
GAYLON LAY, Warden,
Arkansas Department of Correction;
WENDY KELLY, Deputy Director for
Health and Correctional Programs;
JOHN BYUS; Administrator, Correctional
Medical Services, Arkansas Department of Correction; and
OTHER UNKNOWN EMPLOYEES,
Arkansas Department of Correction                                                        DEFENDANTS

**<u>ORDER</u>**

      This is an action under 42 U.S.C. § 1983 by Arkansas death row inmates challenging the constitutionality of the State's protocol for execution by lethal injection.  On September 25, 2007, the Supreme Court granted a petition for writ of certiorari in *Baze v. Rees*, 217 S.W.3d 207 (Ky. 2006), *cert. granted*, – U.S.—, 2007 WL 2850507 (U.S. Oct. 3, 2007).  In *Baze*, two Kentucky death-row inmates challenge the constitutionality of the State's lethal-injection protocol, which is similar to the protocol used to carry out executions in Arkansas. The Supreme Court limited the grant of certiorari in *Baze* to the following questions:

      1. Does the Eighth Amendment to the United States Constitution prohibit means for carrying out a method of execution that create an unnecessary risk of pain and

suffering as opposed to only a substantial risk of the wanton infliction of pain?

2. Do the means for carrying out an execution cause an unnecessary risk of pain and suffering in violation of the Eighth Amendment upon a showing that readily available alternatives that pose less risk of pain and suffering could be used?

3. Does the continued use of sodium thiopental, pancuronium bromide, and potassium chloride, individually or together, violate the cruel and unusual punishment clause of the Eighth Amendment because lethal injections can be carried out by using other chemicals that pose less risk of pain and suffering?

*See id.*(limiting grant of certiorari to Questions 1, 2, and 3 presented in the petition for writ of certiorari); Petition for Writ of Certiorari, *Baze v. Rees* (No. 07-5439), 2007 WL 2781088.

The Court finds that answers to the foregoing questions, particularly the first, will directly impact the resolution of Plaintiffs' claims in this case. The Court further finds that any ruling at this time on Defendants' motion for summary judgment would not advance, and would likely delay, the ultimate conclusion of this litigation. Accordingly, in the interest of judicial economy, this case will be stayed pending the Supreme Court's decision in *Baze*, and Defendants' motion for summary judgment will be denied without prejudice.

IT IS THEREFORE ORDERED that this case is stayed pending the Supreme Court's decision in *Baze v. Rees*, 217 S.W.3d 207 (Ky. 2006), *cert. granted*, --- U.S.—, 2007 WL 2850507 (U.S. Oct. 3, 2007). The Clerk is directed to administratively terminate this case.

IT IS FURTHER ORDERED that Plaintiffs shall have thirty (30) days following a final decision by the Supreme Court in *Baze* in which to file a motion to reopen this case.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (docket entry #73) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 9TH DAY OF NOVEMBER, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE